IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10012
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO ARMIJO-PUENTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-278-ALL-R
--------------------
July 26, 2001
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Domingo Armijo-Puentes (Armijo) appeals after pleading guilty to a charge of being found in the United States following deportation, a violation of 8 U.S.C. § 1326. He argues that the Government breached the plea agreement by failing to recommend that he be sentenced at the low end of his guideline range. He also argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With regard to Armijo's first argument, he has not shown a breach of the plea agreement, under plain-error review, given that the Government's recommendation was included in his presentence report.  See United States v. Reeves,  No. 00-10606, 2001 WL 694084, *1-*2 (5th Cir. June 20, 2001).  Armijo acknowledges that his second issue is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but states that he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Armijo's argument is foreclosed.  The judgment of the district court is AFFIRMED.